NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAX QUINTANA, | No.    18-56597 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-02095-DMG-SHK |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted February 3, 2020[**]
Pasadena, California

Before:  WARDLAW, NGUYEN, and HUNSAKER, Circuit Judges.

After tripping over a parking stop located inside a parking space in a

California Post Office parking lot, Max Quintana sued the Government for

negligence based on premises liability under the Federal Tort Claims Act (FTCA),

28 U.S.C. §§ 1346(b), 2671–2680, and California Civil Code § 1714. We have

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's order granting summary judgment in the Government's favor.

Under the FTCA, California law applies because that is the state where the events at issue occurred. *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006). Quintana's negligence claim fails as a matter of law under California law. On the record in this case, no reasonable factfinder could find that the parking stop was a dangerous condition, *Bonanno v. Cent. Contra Costa Transit Auth.*, 30 Cal. 4th 139, 148–49 (2003), or that the parking stop was concealed such that the Post Office had a duty to warn visitors about it, *Jacobs v. Coldwell Banker Residential Brokerage Co.*, 14 Cal. App. 5th 438, 447 (2017). Therefore, summary judgment for the Government is proper.

**AFFIRMED.**